# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

**CRIMINAL ACTION NO. 6:24-CR-49-CHB**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**V.**                           **PLEA AGREEMENT**

**ANGIE COMBS**                                                 **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Indictment, which charges conspiracy to distribute a quantity of pills containing oxycodone, a Schedule II controlled substance. The Defendant will also plead to the forfeiture allegation. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement. The United States will also move at sentencing to dismiss any additional charges and the request for a money judgment.

2. The essential elements of Count One are:

    (a) That two or more persons conspired or agreed to distribute a quantity of pills containing oxycodone, a Schedule II controlled substance; and

    (b) That the Defendant knowingly and voluntarily joined in this conspiracy. The criminal forfeiture allegation requires proof that the listed property/assets were used in connection with the offense to which the

      Defendant is pleading guilty, or that the property/assets constitute, or are derived from, proceeds traceable to the commission of the offense to which the Defendant is pleading guilty.

3.     As to Count One, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) Beginning in or about June of 2023, the exact date unknown, and continuing until on or about January 5, 2024, in Perry County, Kentucky – which is located in the Eastern Judicial District of Kentucky – and elsewhere, the Defendant conspired with others to distribute a quantity of pills containing oxycodone, a Schedule II controlled substance.

    (b) During this timeframe, the Defendant and her long-time romantic partner, George Mullins, obtained oxycodone 30 mg pills from an unidentified source of supply. The Defendant and Mullins would then sell these pills to mid- and lower-level drug traffickers and end drug users in Southeastern Kentucky.

    (c) On or about January 5, 2024, law enforcement conducted a traffic stop on a vehicle in which the Defendant was a passenger. Following a positive K-9 alert on the vehicle, officers located and seized approximately 900 oxycodone 30 mg pills and $1,008.00 in cash.

    (d) The Defendant gave a post-Miranda statement in which she admitted that she and Mullins had been getting between 100 to 300 oxycodone 30 mg pills every 6 weeks to 2 months for a period of around 8 months from this source of supply. The Defendant admitted that she would sometimes "loan" pills to others and that Mullins would "trade" the pills for cocaine.

    (e) By engaging in these activities, the Defendant had a criminal agreement with Mullins, the source(s) of supply, and others to distribute oxycodone pills.

    (f) On that same day, law enforcement executed a search warrant at the Defendant's and Mullins's shared residence. During this search, law enforcement located and seized approximately 113 oxycodone pills, 192 methadone pills, 308 gabapentin pills, $82,845.00 in cash, and 3 sets of digital scales. Officers also located and seized a small amount (approximately 6 grams) of suspected cocaine.

4.     The statutory punishment for the offense of conviction is imprisonment for not more than 20 years, a fine of not more than $1,000,000, and a term of supervised release of at least 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5.     Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.
>
> (b) Pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1, the base offense level based on converted drug weight is a level 24.
>
> (c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.     No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.     Except for claims of ineffective assistance of counsel, the Defendant waives the right to attack collaterally the guilty plea, conviction, and sentence. The Defendant also waives the right to appeal the guilty plea and conviction. The Defendant reserves the

right to appeal the sentence.

8. The Defendant consents to forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense(s) to which she is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that she already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he/she consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees

that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

9. The Defendant waives any future claim or argument that the statute to which she is pleading guilty is unconstitutional, or that the admitted conduct does not fall within the scope of the statute.

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

                                                      CARLTON S. SHIER, IV
                                                      UNITED STATES ATTORNEY

Date: 3/7/25          By: *[signature]*
                                            W. Samuel Dotson
                                            Assistant United States Attorney

Date: 2-28-25         *[signature]*
                                            Angie Combs
                                            Defendant

Date: 3-7-25          *[signature]*
                                            Jennifer Nicholson
                                            Attorney for Defendant