**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CRIMINAL ACTION NO. 6:24-CR-49-CHB-HAI**

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**V.**            **RESPONSE TO DEFENDANT'S**
                  **MOTION TO REMAIN ON RELEASE**

**ANGIE COMBS**                                                                   **DEFENDANT**

\* \* \* \* \*

The United States of America submits the following response in opposition to the Defendant's motion to remain on bond. [R. 28: Motion for Release Pending Sentencing.] In support of this position, the Government states as follows:

**I. Facts**

Ms. Combs was indicted on July 25, 2024, and charged conspiracy to distribute oxycodone and possession with the intent to distribute oxycodone. [R. 1: Indictment.] She was arrested on or about September 26, 2024. [R. 13: Arrest Warrant.] Ms. Combs had her initial appearance and arraignment on that same day. [R. 9: Minute Entry for Initial Appearance & Arraignment.] She was released on bond on or about September 30, 2024. It is uncontested that Ms. Combs has remained compliant with the terms of her release.

1

Ms. Combs has entered into a plea agreement on the conspiracy charge with the United States. [R.23: Plea Agreement.] She is scheduled for rearraignment before U.S. Magistrate Judge Hanly A. Ingram on Thursday, May 22, 2025. [R. 27: Order.] As noted, Ms. Combs has now moved the Court for continued release pending sentencing. [R. 28].

## II. Applicable Law

Drug offenses that carry a maximum penalty of a term of imprisonment of ten years or more require mandatory detention after conviction. *See* 18 U.S.C. §§ 3143(a)(2), 3142(f)(1)(C); *see also United States v. Christman*, 712 F. Supp. 2d 651, 652 (E.D. Ky. 2010). However, pursuant to 18 U.S.C. § 3145(c), a district court may allow continued release upon a finding of "exceptional reasons." *Id*. at 653. In order to obtain release, a defendant must first show "by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released." *Id*. at 654. If this is accomplished, then the Court must consider whether or not there exists "a unique combination of circumstances giving rise to situations that are out of the ordinary." *Id*. (citations omitted).

While the Sixth Circuit has offered little guidance on this issue, several courts have held that health-related issues, standing alone, typically do not give rise to exceptional reasons/circumstances warranting continued release. *See United States v. Rodella*, 101 F. Supp. 3d 1075, 1133 (D. N.M. 2015) (holding that deteriorating health was not exceptional circumstances warranting release); *see also United States v. Wages*, 271 Fed. Appx. 726, 728 (10th Cir. 2008) (holding that it would be a "rare case" where a defendant's health condition amounted to an "exceptional reason" warranting continued

2

release.). Several sister courts have held that "chronic medical conditions are not exceptional reasons justifying relief." *United States v. Parker*, No. 1:10-CR-28, 2011 WL 672309, at *2 (E.D. Tenn. Feb 18, 2011); *United States v. Cro*, No. 1:19-CR-00349, 2022 WL 2833976, at *4 (M.D. Pa. July 20, 2022) (same); *see also United States v. Varney*, No. 12-cr-09-ART-HAI, 2013 WL 2406256, at *5 (E.D. Ky. May 31, 2013) ("serious" chronic COPD not an exceptional circumstance justifying continued release); *United States v. Willis*, No. 3:10-CR-56, 2011 WL 1542140, at *3 (W.D. N.C. Apr. 22, 2011) (long-term diabetes not extraordinary circumstance because the disease can be "routinely treated").

### III. Argument

While the records here establish that Ms. Combs suffers from several chronic conditions – to include chronic back pain stemming from cervical myelopathy – it does not appear that this condition is such that it requires immediate emergency treatment and/or surgery or end-of-life related care. In short, it is not so unusual a malady that it cannot be adequately addressed or treated by medical personnel with the jail and/or BOP. Nor do the records establish any indication to the contrary. It is well-settled that the argument for post-conviction release becomes even less compelling where, as here, the condition can be treated while in custody. *Id.*; *see also United States v. Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999) (denying continued release because there was "no indication" that medical conditions could not be properly treated by BOP medical staff); *United States v. Brown*, No. 3:20-CR-43-KAC-JEM, 2023 WL 1331528, at *6 (E.D. Tenn. Jan. 31, 2023) (same).

## IV. Conclusion

For the reasons set forth above, the Court should deny the motion to remain on bond.

        Respectfully submitted,

        PAUL C. McCAFFREY
        ACTING UNITED STATES ATTORNEY

By:   *s/ W. Samuel Dotson*
        Assistant United States Attorney
        601 Meyers Baker Rd., Suite 200
        London, KY  40741
        (606) 33-4827
        william.s.dotson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2025, I electronically filed this document through the ECF system, which will send notice of the filing to all counsel of record.

        *s/ W. Samuel Dotson*
        Assistant United States Attorney